BARKDULL, Judge.
State Farm appeals an order granting Gonzalez a summary judgment, and an order awarding attorney’s fees.
On October 31, 1988, as Gonzalez was driving home from work, he noticed a vehicle stopped in the middle of the road facing him. As he pulled parallel to the parked vehicle, the driver of the other car shot Gonzalez with a paint pellet severely injuring Gonzalez’ left eye. At no time prior to the incident were there any verbal communications or altercations.
Gonzalez was insured by State Farm at the time of the incident and the coverage included uninsured motorist benefits. Gonzalez made a claim for those benefits. State Farm denied the action asserting that the injury received by Gonzalez was not the type of loss covered under the policy. Both parties motioned for summary judgment. The court entered a summary judgment in favor of Gonzalez, finding that the uninsured motorist benefits were available to compensate the insured for injuries sustained in an intentional shooting incident. This appeal ensued.
We reverse. According to Race v. Nationwide Mutual Fire Insurance, 542 So.2d 347 (Fla.1989), uninsured motorist benefits are not available to compensate an insured who was injured by an intentional assault at the scene of an automobile accident; there the court distinguished between situations involving uninsured motorist coverage and those involving personal injury protection coverage. Although a liberal nexus test was used for PIP claims, the Race court declined to use that test and instead relied on a three prong test to determine liability of an uninsured motorist carrier. The carrier is not liable because two prongs of the test were not met: 1) the injury was not a natural result of the automobile; and 2) mere contribution to the cause is not enough. The automobile must produce the injury.
In Taylor v. Phoenix Insurance Co., 622 So.2d 506 (Fla. 5th DCA 1993), the court utilized the three prong test to determine that uninsured motorist coverage was unavailable to one injured by a bullet emanat- *617 mg from an uninsured motorist vehicle as the incident did not arise out of the use of- the vehicle. It follows that a projectile fired from one vehicle into another causing injury does not involve the motor vehicle unless the movement of the vehicle caused the projectile to go amiss. No coverage is therefore available.
State Farm’s uninsured motorist policy provision provides, in pertinent part, as follows:
“We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.”
Under the policy provision, then, State Farm is liable only if damages result from an injury arising out of the operation, maintenance, or use of an uninsured motor vehicle.
The circumstances surrounding the shooting do not support a determination that the plaintiffs injury was caused by an accident which arose out of the operation, maintenance, or use of the vehicle from which the plaintiff was shot.
Accordingly, the summary judgment finding that uninsured motorist coverage existed for the shooting incident is reversed, as is the order awarding attorney’s fees, with directions to enter summary judgment in favor of the insurance carrier.
Reversed with directions.